## JONES *et al. v.* LAMAR *et al.*

(*Circuit Court, S. D. Georgia, E. D.* June 14, 1889.)

1. EQUITY—EXCEPTIONS TO MASTER'S REPORT.
   Exceptions to the report of a master in chancery are to be regarded so far only as they are supported by the special statements of the master, or by evidence brought before the court by a reference to the particular testimony on which the exceptor relies.

2. SAME—REASSIGNMENT.
   Where an exception is general, and the court is thereby called upon to review the entire mass of testimony, and to perform the duties which properly belong to the master and to counsel, it is not required to make the effort to do so, and may overrule the exception. Where, however, a reassignment of the hearing can be made without prejudice to the interests of the parties and the business of the court, it is discretionary to grant time and leave to amend the exceptions.

   (*Syllabus by the Court.*)

In Equity. For hearing on the merits, see 34 Fed. Rep. 454.

*Evarts, Choate & Beaman, Geo. A. Mercer,* and *Henry R. Jackson,* for complainants.

*Chisolm & Erwin, H. C. Cunningham,* and *F. G. Du Bignon,* for defendants.

SPEER, J. This cause, having been referred to the master, comes up now for final hearing on exceptions to the master's report. The record is voluminous, the amount involved is something over $150,000, and the report of the master is lengthy. There have been, indeed, 47 exceptions filed to the report. Upon inspection of the record the court is at the very threshold of the hearing confronted with the fact that the solicitors for complainants have entirely failed to identify, specify, or refer to the particular portions of the evidence relied upon to support the exceptions. A consideration of a few of the exceptions will illustrate the unnecessary labor it is now proposed to inflict upon the court by this imperfect method of procedure. For instance, exception 8 merely states "that the master erred in finding that there was no evidence before him that G. B. Lamar usually kept correct books of account." Again, exception 20: "That the master erred in finding (page 35) that the expenses incurred by G. B. Lamar in collecting said cotton amounted to no more than $85,506.60." Again, exception 21: "That the master erred in finding (page 35) that the proportion of the expense for the collection of said cotton due by the estate of C. A. L. Lamar did not exceed $25,644.48." In this manner, and wholly without reference to the testimony, com-

plainants' 47 specifications of error are made. Now, it is evident that in the discussion of all issues of fact raised by either exception the comments of the solicitors might take as wide a range as the entire record itself, and the labor of considering the entire mass of testimony, relevant and irrelevant, in order to sift out that which is pertinent to the issue raised, would be imposed on the court. The labor of the court would therefore not be abridged by the reference, and the proceedings had before the master would be fruitless. The language of Mr. Justice SWAYNE, in *Foster* v. *Goddard*, 1 Black, 506, referred to in the argument, that "all that is necessary is that the exceptions should distinctly point out the finding and conclusion of the master which it seeks to reverse," was directed only to the question raised by the objection of counsel in that case, viz., that "such an exception is in the nature of a special demurrer, and that these are not so full and specific that the court can consider them." To be sufficiently explicit to raise any issue of law is one thing; to point out the evidence relied upon to sustain an exception to a finding upon the facts is quite a different thing. In the case of *Harding* v. *Handy*, 11 Wheat. 103, 126, Chief Justice MARSHALL states the rule upon this subject as follows:

"The report of the master is received as true when no exception is taken, and the exceptions are to be regarded so far only as they are supported by the special statements of the master, or by the evidence, which ought to be brought before the court by a reference to the particular testimony on which the exceptor relies. Were it otherwise,—were the court to look into the immense mass of testimony laid before the commissioner,—the reference to him would be of little avail. Such testimony, indeed, need not be reported further than it is relied on to support, explain, or oppose a particular exception."

The decision just quoted has never been departed from, and was followed by this court in *Jaffrey* v. *Brown*, 29 Fed. Rep. 479, and uniformly since then. In passing upon a similar matter in the case of *Stanton* v. *Railroad Co.*, 2 Woods, 506, Judge WILLIAM B. WOODS said:

"This branch of the exception is too vague and general, and requires of the court the performance of duties which properly belong to the master and counsel. * * * It is impossible for the court to pass intelligently on such an exception, and no rule of equity practice requires the court to make the effort to do so."

The rule is one of practical utility, and is intended to narrow the range of investigation and consideration by the court to the evidence controlling the questions at issue, and if the solicitors will bear this purpose of the rule in mind, there will be little difficulty in preparing exceptions in accordance therewith. The case of *Harding* v. *Handy, supra,* was decided in 1826, before the adoption, in 1842, of the general equity rules. These rules contain a number of provisions intended to avoid surplusage, redundancies, and repetitions in the record which, under the former practice, frequently obscured the merits of the cause, and unnecessarily consumed the time of court. Rule 76 provides that "in the reports made by the master to the court no part of any state of facts, charge, affidavit, deposition, examination, or answer, brought in or used before him, shall be stated or recited, but such state of facts, charge, affidavit,

deposition, examination, or answer shall be identified, specified, and referred to so as to inform the court what state of facts, charge, affidavit, deposition, examination, or answer were so brought in or used." It is not necessary, in the spirit of this rule, to set out *in extenso* in the exception the evidence relied upon to sustain it, but the evidence must be so specified and referred to as to enable the court to understand its substance, and if it is thought proper, to turn to it and ascertain its full import and effect without unnecessary labor and waste of time. Solicitors for the complainants say that they are unwilling to rely solely upon the evidence referred to by the master as the basis of his findings, and since they have specified nothing else, and since the court, under the rule in *Harding* v. *Handy, supra,* will not consider testimony in support of the exceptions not referred to in the report of the master, or brought to its attention by appropriate reference in the exceptions, exceptors are unable to proceed. It appearing, however, that the cause can be reassigned for hearing without prejudice to the interests of the parties or the pending business, the court will grant time and leave to amend the exceptions.