### NEAL et al. v. BRIGGS et al.

(Circuit Court, E. D. North Carolina. July 10, 1901.)

1. EQUITY—EXCEPTIONS TO REPORT OF MASTER.

It is the settled rule that exceptions to the report of a master in equity in a circuit court of the United States should set out specifically the errors upon which the party relies, and the court is justified in disregarding exceptions which merely state generally that a finding of the master is contrary to the law and the evidence, the consideration of which would require the chancellor to re-examine the entire evidence, and defeat the purpose of the reference.

2. SAME—ENFORCEMENT OF CONTRACTS—EQUITABLE CONSTRUCTION.

A party to a contract who has himself failed to comply with its conditions will not be permitted by a court of equity to insist upon a harsh and strict construction of it as against the other party.

In Equity. On exceptions to report of master.

W. W. Clark and M. W. Stevenson, for plaintiffs.
Edw. R. Baird, Jr., for defendants.

PURNELL, District Judge. This cause was on the 17th day of October, 1900, removed from the state court to the equity side of the docket of the circuit court for the Eastern district of North Carolina on the petition of defendants. Prior to such removal there was a general assignment by R. S. Neal, and the trustees named in such assignment were appointed receivers by the state court, and after such removal reappointed by the United States circuit court. On November 13, 1900, defendants, George S. Briggs & Co., filed an answer, and moved to dismiss the bill, which motion was heard and refused December 11, 1900, and without objection the cause referred to George Green, Esq., as special master, to take account of claims against the property in controversy, and of all accounts against the said R. S. Neal and George S. Briggs & Co., and of, in, and concerning the matters set forth in the pleadings. The appointment of George Green, Esq., as special master was made on account of his known ability as a bookkeeper and accountant. On April 23, 1901, the special master presented his report in open court, and an order was passed that the same be filed and counsel notified; upon exceptions thereto being filed, the judge presiding to be notified thereof. Such exceptions having been filed, the cause was set down for hear-

ing, counsel notified, and the same heard on June 17th, in accordance with the notice aforesaid. Now, on due consideration, it is considered, ordered, adjudged, and decreed that the report of the special master be, and the same is hereby, in all respects confirmed, both as to the findings of fact and conclusions of law.

The purposes of a reference to a special master—to relieve the chancellor of manual and clerical labor, and serve the convenience of parties; to shorten and simplify litigation as much as possible—seems to have been lost sight of in the exceptions filed by defendant. The case cited in the argument and brief (Frick Co. v. Norfolk & O. V. R. Co., 32 C. C. A. 31, 86 Fed. 725) does not decide or even touch upon this, but the rule for filing exceptions to the report of a master in equity in the circuit court of the United States is laid down by the supreme court of the United States in Railroad Co. v. Gordon, 151 U. S. 285, 14 Sup. Ct. 343, 38 L. Ed. 164:

"That the exceptions to the report of a master should be set out specifically, and errors upon which the party relies, not only that the opposite party may be apprised of what he has to meet, but the master may know in what particular his report is objectionable, that he may have an opportunity to correct his errors, and reconsider his opinion. The main object of a reference being to lighten the labors of the court, the court ought not to be obliged to hear the full report on the whole evidence when the report is made."

This is only one decision of a series to the same effect, and the practice is too well established to require a tedious citation of authorities. A reference to the numerous decisions under equity rule 83 is only necessary to satisfy any one of this practice, which has been followed many years in the circuit courts of the United States. The same rule prevails in the state courts of North Carolina, where general or "broadside" exceptions are not permitted or considered. Not one of the exceptions to the master's report in this case complies with this rule. The court might well affirm the report as though no exceptions had been filed. But upon a careful examination of the exceptions filed, and the evidence taken before the special master, performing much labor not incumbent on the judge sitting as chancellor, I am constrained to overrule the exceptions as not being well founded.

Exception 1 is to the drafts of the National Bank of New Bern, "in that the special master finds that the defendants, George S. Briggs & Co., are jointly liable with the said R. S. Neal to the said National Bank of New Bern in the sum of $2,555.69, due on account of said drafts, on the ground that the said finding is plainly in violation of the law and the evidence." The facts are that Neal drew certain drafts, which were accepted by George S. Briggs & Co., and these drafts were transferred to the bank, and not all paid at maturity; the amount stated being the balance due. There is some intimation, aliunde the record, that suit is pending against George S. Briggs & Co. on these drafts in the Eastern district of Virginia, but at the time of the hearing before the master there had been no recovery or collection on this account, and no authority is cited, and it would be a novo impressio that the acceptor is not jointly liable with the drawer of a draft. If there are such suits, of which there is no record here, and there should be a recovery, it would be credited

on this account, as a matter of course. And if the account is adjusted here, there could be a recovery elsewhere. This exception is overruled and not allowed.

Exceptions Nos. 2 and 3 conclude in the same way,—that the finding is plainly in violation of the law and evidence,—without pointing out the evidence, or specifying wherein the said findings excepted to are erroneous; thus making the exception general, and not specific. An examination of the testimony shows the finding of facts is well founded and the conclusions of law and equity correct. These exceptions are therefore overruled.

Exception 4 seems not to be well founded in fact. The defendant did not produce books of account, when notified and requested so to do, but declined, as found by the special master. The fourth exception is therefore overruled.

The findings of the special master charging the defendants, George S. Briggs & Co., with the rent of the mill and tugboats Nellie and Moore, and for the timber cut by him on the lands of R. S. Neal, to which exceptions 5, 6, and 7 are directed, seem to be supported by the evidence in the case, and by the principles of equity jurisprudence; hence these exceptions are overruled.

Exceptions 8, 9, 10, and 11, upon an examination of the depositions taken, are supported by the evidence, and in accordance with the lien laws of North Carolina, which this court follows in the administration of the rights of property and liens thereon.

Exceptions 12, 13, and 14 are directed to the statement of account between the defendants and R. S. Neal. The account is stated in such manner as to do credit to an expert accountant, and is supported by the testimony taken in the cause, which testimony justifies both the finding of fact and statement of account as a legal, equitable balance sheet. These exceptions are therefore overruled.

The defendants throughout these exceptions seem to insist upon an inequitable construction of a contract between Neal and George S. Briggs & Co., and a total disregard of all the equities applicable to the case; and this, too, when testimony shows that in the contract, depending on mutual agreement, the defendants, George S. Briggs & Co., have not performed their part of the contract, in that they failed to render accounts and returns of sale, or to credit Neal for lumber shipped them, according to the bills of lading, the grades of lumber, prices received, or to render a fair, full, and correct account of their dealings, when notified and requested so to do by the special master and counsel in the case.

True, Briggs advanced money in large sums to start Neal in the sawmill business, but, on account of the failure to make returns, Neal contracted debts for a large amount, and thus became heavily involved. In short, defendants received all the output of the establishment, sold or disposed of the same, and guarded with jealous care the proceeds of sale, rendered no accounts of sale, did no equity. They now insist on a harsh, exact construction of an inequitable contract, —"the pound of flesh named in the bond." This a court of equity will not permit. Such demands are foreign to this jurisdiction.

The product of Neal's mill seems to have been shipped almost ex-

clusively to George S. Briggs & Co. at Norfolk, for which shipments he received very meager, if any, returns. The account between them has been stated by an experienced and expert bookkeeper and a competent business man, basing his findings on sworn testimony. The exceptions are all overruled.

A decree will be drawn and entered in accordance with the report of the special master and this decision.