### In re ASSOCIATION DAIRY CO.

#### (District Court, D. Connecticut. June 4, 1918.)

#### No. 4380.

1. BANKRUPTCY ⟨key⟩228—FINDINGS OF REFEREE.
    Findings of fact, made by a referee as special master, are not reviewable on exception.

2. BANKRUPTCY ⟨key⟩11—COURTS OF BANKRUPTCY—RULES OF PROCEDURE.
    Courts of bankruptcy act as courts of equity, and are governed by the principles and rules of equity in their procedure.

3. EQUITY ⟨key⟩410(4)—MASTERS—EXCEPTIONS TO REPORT.
    Exceptions to the report of a master must specifically point out the matter objected to and the ground of objection, and general exceptions will not be considered.

In Bankruptcy. In the matter of the Association Dairy Company, alleged bankrupt. On exception to master's report. Overruled.

Stewart N. Dunning, of Hartford, Conn., for petitioning creditors. John J. Toohey, of Hartford, Conn., for alleged bankrupt.

THOMAS, District Judge. [1] Certain controverted questions of fact were referred to the referee as special master, who filed his report, and found certain facts which are detailed in that report. The respondents filed an exception to the report of the special master, which exception is set forth as follows:

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"In the above-entitled cause the respondents except to the finding and report and claim that there was error committed, and therefore take:

"Exception 1. That the Association Dairy Company is insolvent, and has committed the claimed acts of bankruptcy as found, and that the petitioning creditors are entitled to an adjudication, and therefore protest and remonstrate against said finding and report."

Subsequent to the arguments upon this exception, counsel for the petitioning creditors filed a motion to dismiss the exception, on the ground that said exception raises no question of law, is not verified, and is not the proper exception to the report of the special master. The question of the exception raises entirely a question of fact, which the special master has resolved against the respondent, and under the rules and decisions of the federal courts the decision of these questions of fact is final. Were any errors of law committed by the master in his report as set forth in the exception? The exception on this feature of the case is set forth in these words, "and claim that there was error committed." If there was any error of law committed, it is not specifically set forth, as it should have been, but from the exception it appears that the alleged error committed is an error in the finding respecting the facts, which, as above stated, is not reviewable.

[2] In the administration of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) since its inception, certain well-settled principles have been established by the courts. It is now universally conceded that the District Court, being a court of equity in bankruptcy matters, is a court of equity for all purposes in such matters, and all the principles and rules of equity apply, and the proceedings in bankruptcy are of an equitable nature. It has been further established beyond cavil that valuable privileges are accorded bankrupts under this act, and those who desire to avail themselves of the benefits and privileges thus given must act speedily; at least, they must conform strictly to the rules and regulations governing the administration of the act.

Under these rules and decisions a general review by the court is not intended; otherwise the purpose of the reference is defeated.

In Sheffield, etc., Railway Co. v. Gordon, 151 U. S. 285, page 290, 14 Sup. Ct. 343, 344 (38 L. Ed. 164), Mr. Justice Brown said:

"Proper practice in equity requires that exceptions to the report of a master should point out specifically the errors upon which the party relies, not only that the opposite party may be apprised of what he has to meet, but that the master may know in what particular his report is objectionable, and may have an opportunity of correcting his errors or reconsidering his opinions. The court, too, ought not to be obliged to rehear the whole case upon the evidence, as the main object of a reference to a master is to lighten its labors in this particular."

And (151 U. S. on page 291, 14 Sup. Ct. on page 344 [38 L. Ed. 164]) he further said:

"Cases are referred to a master, not on account of his presumed superior wisdom, but to economize the time and labor of the court, and as exceptions are usually filed to his report, if they are so general as to require a rehearing of the entire case, there is really nothing saved by a reference."

[3] Exceptions are special demurrers to the report (General Fire Extinguisher Co. v. Lamar, 141 Fed. 353, 72 C. C. A. 501) and must

point out, article by article, the matter objected to and the cause of objection (Fordyce v. Omaha, Kansas City & E. R. R. [C. C.] 145 Fed. 544, 557; Columbus, S. & H. R. Co. Appeals, 109 Fed. 177, 219, 48 C. C. A. 275). Vagueness and generality are good grounds for overruling them. In re Covington (D. C.) 110 Fed. 143; Neal v. Briggs (C. C.) 110 Fed. 477. See, also, Hopkins' Federal Equity Rules, rule 66, and comment under that rule.

As before stated, cases are referred to a master to economize time, and if general exceptions are permitted the court would have to review the whole case, and the effect of the reference thus be lost. Neal v. Briggs, supra; Sheffield, etc., Railway Co. v. Gordon, supra; Jones v. Lamar (C. C.) 39 Fed. 585; Chandler v. Pomeroy (C. C.) 87 Fed. 267; Medsker v. Bonebrake, 108 U. S. 71, 2 Sup. Ct. 351, 27 L. Ed. 654.

Mr. Justice Lurton, speaking for the Circuit Court of Appeals (109 Fed. at page 219, 48 C. C. A. at page 317), said:

> "The exceptions are vague, general, and insufficient under the rules of practice, and are insufficient to support the errors assigned thereon. Exceptions to a master's report must point out specifically the errors upon which the party relies. The object of such definiteness is to give the master an opportunity to see wherein his report is subject to objection, and to apprise the opposite party of just what he has to meet."

In Fordyce v. Omaha, Kansas City & E. R. R., supra, at page 557, the court said:

> "The law is that the master's report upon matters of fact is deemed to be true where no exceptions are properly taken thereto. And even where an exception is taken, the conclusions of the master on questions of fact, on conflicting evidence, if any, are presumptively correct, and will be adhered to by the court on review, unless it appears to be palpably wrong by the most persuasive weight of evidence. Growing out of these rules in such procedure, exceptions, when taken, must not be to the general result, as such would be but in the nature of a general demurrer. The exceptions must be specific, pointing out the particular errors relied upon, and where they are based upon particular evidence contradicting conclusions of the master they should refer to the evidence in the record where the same may be found, and not leave the court to grope through voluminous records of testimony, as in this case, running into thousands of pages, to find, as best it may, where the evidence * * * may be found. Chief Justice Marshall, in the early case of Harding v. Handy, 11 Wheat. (U. S.) 103-127, 6 L. Ed. 429, said:
>
> "'It may be observed, generally, that it is not the province of a court to investigate items of an account. The report of the master is received as true when no exception is taken and the exceptions are to be regarded so far only as they are supported by the special statements of the master, or by evidence, which ought to be brought before the court by a reference to the particular testimony on which the exceptor relies. Were it otherwise, were the court to look into the immense mass of testimony laid before the commissioner, the reference to him would be of little avail. Such testimony, indeed, need not be reported further than it is relied on to support, explain, or oppose, a particular exception.'
>
> "Mr. Justice Clifford, in Greene v. Bishop, 1 Cliff. 186, Fed. Cas. No. 5,763, after adverting to the above statement of Chief Justice Marshall, said:
>
> "'But the evidence ought to be brought before the court by reference to the particular testimony on which the excepting party relies.'
>
> "Speaking of the exception he said:
>
> "'It merely alleges that the finding of the master is erroneous and unsatisfactory, without attempting or pretending to specify any particulars in which the error consists, * * * and omits altogether to refer to any portion of the testimony to support the allegation.'"

See, also, Jaffrey v. Brown (C. C.) 29 Fed. 476, 479; Jones v. Lamar (C. C.) 39 Fed. 585–587.

In view of these well-settled principles of law, the exception is overruled, and the report of the master is confirmed. In view of this conclusion, no action is necessary on the motion to dismiss the exception.

Ordered accordingly.