**THOMSON MACH. CO. v. STERNBERG.**

No. 8487.

District Court, N. D. Illinois, E. D.
Dec. 8, 1931.

Henry B. Floyd, of Chicago, Ill., for Thomson Mach. Co.

W. Bartlett Jones, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

This matter came up for hearing on defendant's exceptions to the master's report. Preceding the argument on the merits, counsel for plaintiff raised the preliminary question that the exceptions were indefinite and insufficient.

The matter in issue was largely a question of fact. The terms and conditions of a contract of employment were involved. The practical construction which the parties thereto had given the contract was also involved. The master's report is a record of nearly five hundred pages of testimony and exhibits to the number of one hundred or more. The master, after hearing the witnesses and reviewing the testimony, made his report recommending a decree for the plaintiff. Defendant thereupon filed eight exceptions to the master's report.

Exceptions 1, 3, and 4 are as follows:

"First. That the Master has in said report stated and certified that a decree be entered, ordering defendant to assign to plaintiff, defendant's patent No. 1,858,864, the application for reissue thereof, the invention thereof, and any other inventions of defendant made during the period of his employment, whereas the Master ought to have found that said inventions, said patent, and said reissue application in equity, belong to the defendant."

"Third. That the Master has in said report stated and certified that the invention of the patent in issue was made within the scope of the defendant's employment within the agreement alleged by plaintiff, whereas the Master should have held that the invention of the patent in issue was made outside of the scope of said employment agreement alleged by plaintiff, and within the scope of the employment agreement alleged by the defendant."

"Fourth. That the Master has in said report stated and certified that the defendant failed in sustaining the burden of proof on the making of certain promises alleged by defendant to have been made to defendant by the plaintiff as an inducement for making inventions which would widen the field of sales of the plaintiff company, whereas the Master should have held that the defendant did prove that such promises were made, that the denials of the plaintiff are not persuasive against all the evidence and direct testimony of the defendant, and that the denials, the documentary evidence and testimony introduced for supporting said denials, and other evidence of the plaintiff, were impeached."

Recapitulated, exception 1 is that the master reached a wrong result; exception 3 is that the master erred in holding that the invention in suit was made within the scope of defendant's employment; and exception 4 that the master erred in finding that defendant had not proved promises of royalty to himself.

It is apparent that, in order to determine these exceptions, the court must read the five hundred pages of testimony, and must consider the one hundred or more exhibits. In fact, the exceptions now under consideration amount in substance to the objections that the master decided erroneously upon the facts. The exceptions do not point out the particular errors of fact which the master made, nor is any reference made to the pages of the record wherein it is alleged that the master erred. A determination of these exceptions requires a search of the entire record. It is quite clear that the court cannot consider any of the exceptions now under consideration without reviewing all of the evidence as well as the master's report. It follows, also, that plaintiff cannot be adequately prepared to answer exceptions of such general and vague character.

These exceptions are not in conformity with the settled equity practice. A case much referred to and quoted from relating to generality of exceptions is that of Sheffield & Birmingham Coal, Iron & Railway Co. v. Gordon, 151 U. S. 285, on page 290, 14 S. Ct. 343, 344, 38 L. Ed. 164: "Proper practice in equity requires that exceptions to the report of a master should point out specifically the errors upon which the party relies, not only that the opposite party may be apprised of what he has to meet, but that the master may know in what particular his report is objectionable, and may have an opportunity of correcting his errors or reconsidering his opinions. The court, too, ought not to be obliged to rehear the whole case upon the evidence, as the main object of a reference to a master is to lighten its labors in this particular."

What is said by Judge Purnell in the case of Neal v. Briggs (C. C.) 110 F. 477, 478, is applicable to the exceptions now under consideration: "The purposes of a reference to a special master—to relieve the chancellor of manual and clerical labor, and

serve the convenience of parties; to shorten and simplify litigation as much as possible— seems to have been lost sight of in the exceptions filed by defendant."

Referring to the case of Sheffield & Birmingham Coal, Iron & Railway Co. v. Gordon, 151 U. S. 285, 14 S. Ct. 343, 38 L. Ed. 164, Judge Purnell says: "This is only one decision of a series to the same effect, and the practice is too well established to require a tedious citation of authorities. A reference to the numerous decisions under equity rule 83 is only necessary to satisfy any one of this practice, which has been followed many years in the circuit courts of the United States."

In the case of Fordyce v. Omaha, Kansas City & E. R. R. (C. C.) 145 F. 544, on page 558, the court say: "But again and again, with unusual reiteration, it is simply charged that the master erred in finding that there was no net income, or that there was no diversion, or that the claim was not preferential, and the like, and that he should have found otherwise, without claiming that his finding is not supported by evidence, and by pointing out where the court will find the particular fact or facts relied on. In such condition of the record the court would be justified in accepting the master's findings of the facts as correct."

In the case of General Fire Extinguisher Co. v. Lamar (C. C. A.) 141 F. 353, on page 355, the court say: "It is well established that exceptions should be so framed as not merely to allege error in general terms, but to enable the court to decide distinctly on each point in dispute. * * * Exceptions to reports of masters in chancery are in the nature of a special demurrer, and the party objecting must point out the error, otherwise the part not excepted to, will be taken as admitted."

In the case of Columbus, S. & H. R. Co., Appeals (C. C. A.) 109 F. 177, on page 219, the court in discussing certain exceptions use this language: "The exceptions are vague, general, and insufficient under the rules of practice, and are insufficient to support the errors assigned thereon. Exceptions to a master's report must point out specifically the errors upon which the party relies. The object of such definiteness is to give the master an opportunity to see wherein his report is subject to objection, and to apprise the opposite party of just what he has to meet. * * * The exceptions are manifestly in-

sufficient to raise any question against any particular bondholder."

■ The court is of opinion that exceptions 1, 3, and 4 are too vague, indefinite, and uncertain to be considered. In arriving at this conclusion, the court is not unmindful of equity rule 66 (28 USCA § 723). Most of the cases cited and quoted from above arose under equity rule 83. Present equity rule 66 (28 USCA § 723) is the same as old equity rule 83, excepting as to certain periods of time. The cases, therefore, above cited, are in point under equity rule 66.

Exception No. 2 is as follows: "That the Master has in said report stated that the case of Standard Parts v. Peck is an authority for implying an assignment agreement as a part of the employment agreement alleged by the plaintiff, whereas the Master should have found that there was no authority and no evidence of conduct upon which to imply an assignment agreement."

This exception is one primarily to a fact finding of the master. Although it includes a point of law, yet the point of law cannot be determined without reviewing the whole record. In principle, it falls within the rules applicable to exceptions 1, 3, and 4, and accordingly cannot be considered.

Exception No. 5 is as follows: "That the Master in said report stated and certified that the employment agreement incorporated by implication an agreement to assign inventions, whereas the Master should have found that the prior and the then prevailing practice and policy of the plaintiff company as to the ownership of patents and inventions should have been incorporated by implication into the employment agreement, and that it was directly incorporated in the employment agreement according to the testimony of defendant."

No reference is made to the pages of the record wherein there is evidence which the master did not consider. This exception also falls within the principles stated with respect to exceptions 1, 3, and 4.

■ Exceptions numbered 6 and 7 are as follows:

"Sixth. That the Master erred in not considering the deposition of defendant's witness Leininger, including statements by defendant to the witness Leininger that plaintiff was promised royalties, introduced in support of the testimony of defendant on the question of proving that promises were made to defendant."

"Seventh. That the Master erred in the trial of the cause in striking, over exceptions taken at the time as shown by the record, certain testimony of defendant's witness Buss, including contemporaneous statements of the defendant to Buss, concerning defendant making the invention for the purpose of earning the promised royalties."

If exception No. 6 is as to a question of law, then it is patent that the master did not err. The statements of the defendant to another witness were purely hearsay and self-serving; it not appearing that they were of an impeaching character.

The same may be said of exception No. 7. Contemporaneous statements of the defendant to the witness Buss are manifestly hearsay and self-serving.

Exception No. 8 is as follows: "That the Master failed to hold and to certify that the plaintiff had waived and abandoned any alleged equitable right it may have had to secure and to hold a patent monopoly on the invention in issue, and that plaintiff had allowed to expire any alleged equitable right it may have had to compel the defendant to file a patent application, and that since the beginning of this suit the plaintiff has attempted by order of Court to prevent defendant improving his monopoly by said reissue application."

The exact nature of the exception is not clear upon its face. Whether plaintiff waived a right or abandoned a right is a fact. Whether a right has expired is also a fact. Each of these several elements set forth in the exception is not well stated because of lack of reference to the supporting evidence, if any, in the record. Otherwise the exception is indefinite and uncertain.

It is not the theory of a hearing on exceptions to a master's report that the case should be retried. The trial court in such a situation is acting as a court of appeal, and has before it only those matters which are clearly and definitely presented to it in the bill of exceptions.

The defendant, in its exceptions, has made a whole new trial necessary, if such exceptions are to be considered.

Accordingly, the order will be: That the exceptions are overruled and the report of the master in all respects confirmed, both as to findings of fact and conclusions of law.

Counsel for plaintiff will tender findings of fact and conclusions of law, together with a decree.