FLEISCHER STUDIOS, Inc., et al. v.
RALPH A. FREUNDLICH, Inc.,
et al.

District Court, S. D. New York.
May 4, 1936.

See, also, 5 F.Supp. 808; 73 F.(2d) 276.

Phillips & Nizer, of New York City (Louis Nizer and Arthur B. Krim, both of New York City, of counsel), for plaintiffs.

Lind, Shlivek, Marks & Brin, of New York City (Max Shlivek, of New York City, of counsel), for defendants.

WOOLSEY, District Judge.

My decision in this matter is as follows:

1. The first exceptions filed in behalf of the defendants were improper in form and cannot be considered as consti-

402

tuting any challenge to the special master's report.

2. The so-called amended exceptions filed in behalf of the defendants, after the expiration of the twenty-day period from the filing of the special master's report, but without an extension of time and without any permission of the court, have no place in the record and must be as entirely disregarded as if they had never been filed.

3. I sustain the plaintiff's third exception to the special master's finding that no liability has been established on the part of the defendant Sol J. Freundlich as being a matter with which the special master was precluded from dealing because the interlocutory decree had held said defendant as a joint infringer with the other defendants.

4. I overrule the other exceptions filed by the plaintiff.

5. I approve the special master's fee and disbursements, and order the balance due him to be paid by the plaintiff before the final decree is entered herein.

6. Under section 40 of the Copyright Act title 17 United States Code, § 40 (17 U.S.C.A. § 40), I allow as fees to the plaintiff's attorneys the sum of $15,000.

7. The final decree, to be entered herein, will grant to all three plaintiffs the injunctive relief given by the interlocutory decree, and provide also inter alia:

(a) That the plaintiff Fleischer Studios, Inc., as owner of the copyright herein, recover jointly and severally from the corporate defendant Ralph A. Freundlich, Inc., and the two individual defendants Ralph A. Freundlich and Sol J. Freundlich, the damages allowed herein in the sum of $5,540, with interest thereon from February 18, 1936, the date when the special master's report was filed, until paid.

(b) That the plaintiff Fleischer Studios, Inc., as owner of the copyright herein, recover jointly and severally from the said three defendants its costs, which will include (1) plaintiff's taxable costs and disbursements, (2) such part of the special master's fee and disbursements as the plaintiff shall have paid when the final decree is entered, and (3) the allowance for fees of the plaintiff's attorneys as herein fixed, with interest on all items of costs from the date of the entry of the said final decree until paid.

(c) That the plaintiffs Fleischer Art Service, Inc., and Joseph L. Kallus have no costs or disbursements separately allowed to them.

I. The first question with which I have to deal is a matter of equity practice.

A. On May 31, 1932—286 U.S. at page 571—the Supreme Court promulgated an order creating a new Equity Rule—No. 61½ (28 U.S.C.A. following section 723) —of which the provisions here relevant are as follows:

"The rules of practice in equity heretofore promulgated by this Court (226 U. S., Appendix) are amended by including therein a new rule numbered 61½ and reading as follows:

"'In all references to a master, either compulsorily by the court in cases where it has the power to make compulsory reference, or by consent of parties where consent is necessary, whether the reference be of all issues of law and fact, or only particular issues either of law or fact or both, the report of the master shall be treated as presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed.'"

A similar rule as to the presumptive correctness of a report by a referee in bankruptcy was adopted at the same time by a General Order in Bankruptcy, No. 47 (11 U.S.C.A. following section 53), 286 U.S. 573.

Likewise, there was an amendment to the Admiralty Rules of the Supreme Court by an order, of the same date, promulgating Admiralty Rule 43½ (28 U.S.C.A. following section 723), which contains the provision that the report of a commissioner or assessor in admiralty also shall be treated as presumptively correct, 286 U.S. 572.

Without attempting to trace the history of the principle embodied in these rules, it may be observed that they seem to have been promulgated as a crystallization of views previously expressed by the courts. For example, in Medsker v. Bonebrake (1883) 108 U.S. 66, at page 72, 2 S.Ct. 351, 354, 27 L.Ed. 654, it was said:

"The findings of the master are prima facie correct. Only such matters of law

and of facts as are brought before the court by exceptions are to be considered, and the burden of sustaining the exception is on the objecting party."

Cf. also Sandford v. Embry (C.C.A.6, 1907), 151 F. 977, 983, and cases there cited.

The only judicial notice of any of these rules which has come to my attention is in Schnell v. The Vallescura, 293 U.S. 296, at page 302, 55 S.Ct. 194, 195, 79 L.Ed. 373, where Mr. Justice Stone, referring en passant to Admiralty Rule 43½, said:

"The District Court, accepting the report of the commissioner as presumably correct, as required by Admiralty Rule 43½ (28 U.S.C.A. following section 723), 286 U.S. 572, found no basis for rejecting his conclusions and gave judgment to libelants accordingly."

Judge Caffey, who sat in the District Court in the above case, filed a memorandum (not reported) and said with regard to the applicability of Admiralty Rule 43½:

"Even though, however, I were not prepared to go so far, at least I am unable to say, as to the burden of proof or in any other respect, that I am 'fully satisfied that error has been committed.' In consequence, Admiralty Rule 43½ (286 U. S. 572) obliges me to overrule the exceptions and to confirm the report."

It follows from the presumptive correctness of the special master's report that a burden rests on an exceptant thereto, who wishes to have the report modified or set aside, to formulate exceptions proper in form and adequate in their critical content, and thereafter successfully to maintain their validity.

B. 1. On February 18, 1936, the special master, Theodore S. Kenyon, Esq., whom I appointed under an interlocutory decree dated February 21, 1934, "to take evidence and compute and pass on damages and an accounting of profits" in this cause and report back to me, filed his report in which he found that no profits were shown and by which he awarded to the plaintiff under section 25 of the Copyright Act, as amended (17 U.S.C.A. § 25), in lieu of proved damages, the sum of $5,540. He submitted as his own agreed fee to cover his services and disbursements, the sum of $1,074.01, of which he has already been paid $600, and, conse-

quently, now asks the balance of $474.01, which, as above noted, I have approved for payment.

2. Under Equity Rule 66 (28 U.S.C.A. following section 723), of the Supreme Court, either party had a period of twenty days from February 18, 1936, within which to file exceptions to this report. The period for the filing of exceptions expired, therefore, at the end of the court day of Monday, March 9, 1936, and, if neither party had filed exceptions within the said period, the report of the special master as rendered would, under the provisions of rule 66, have stood confirmed as of that date.

3. Inasmuch as I had reserved personal jurisdiction of the cause under the interlocutory decree, as above noted, in the latter part of February, 1936—the date is important—after the report of the special master was filed and before any exceptions thereto were filed, counsel for both parties came before me and asked me to assign a date for argument on the exceptions which they expected to file. The date for argument was then fixed for March 16th, though it subsequently had to be adjourned because of my other engagements to March 27th, and finally to April 6th, when it was heard.

4. On March 6, 1936, the defendants filed exceptions to the said special master's report, which were so general in their nature as not to comply with the requirements of equity practice as laid down by the federal courts for many years.

5. On March 9, 1936, plaintiff filed exceptions in proper form to the findings of fact by the special master, and also to a finding of law by the master that no liability had been established on the part of the defendant Sol J. Freundlich.

6. On March 11, 1936, the defendants' attorneys served on the plaintiff's attorneys the exceptions which they had filed on March 6th. Thereupon, on March 13, 1936, the plaintiff's attorneys at once took the position that the exceptions were improper and insufficient in form, and served a memorandum of law on the defendants so that they would be advised in advance of the hearing on the exceptions, then set for March 16th of the position which the plaintiff's attorneys were taking, namely, that the defendants were not entitled to challenge the special master's report on exceptions in the form in which they had filed them. A copy of the mem-

orandum of law which plaintiff's attorneys had sent to the attorneys for the defendants was also sent to me.

7. On March 21, 1936, eleven days after the time for filing exceptions to the special master's report had expired and five days after the date first set for argument, without any extension of time being granted and without any leave of the court, the defendants' counsel filed what he was pleased to call amended exceptions and thus, by a confession of the invalidity of his exceptions and an attempt at avoidance thereof, belatedly sought to mend his hold on the procedural situation.

8. On March 21, 1936, the defendants' attorneys served the plaintiff's attorneys with these so-called amended exceptions and the plaintiff's attorneys at once returned them advising the defendants' attorneys by letter that the defendants had no right to file such amended exceptions, and sending a copy of their letter to me.

C. The position taken by the plaintiff's attorneys that the defendants' first exceptions were insufficient and that their amended exceptions had not any locus standi in the situation was in all respects correct.

■ 1. The Equity Rule is and long has been that exceptions to the report of a special master must not be general, like assignments of error, but must be specific and show in detail the grounds on which they are based. Sheffield & Birmingham Coal, Iron & Ry. Co. v. Gordon (1894) 151 U.S. 285, 289, 14 S.Ct. 343, 38 L. Ed. 164; Thomson Machine Co. v. Sternberg (D.C.1931) 55 F.(2d) 715, 717; In re Association Dairy Co. (D.C.1918) 251 F. 749, 750; Sandford v. Embry (C.C.A. 1907) 151 F. 977, 983; Fordyce v. Omaha, Kansas City & E. R. R. (C.C.1906) 145 F. 544, 557; Neal v. Briggs (C.C.1901) 110 F. 477; Columbus, S. & H. R. Co. Appeals (C.C.A.1901) 109 F. 177, 219; Dexter v. Arnold (1834) 7 Fed.Cas. No. 3,858, pp. 597, 603, 2 Sumn. 108, 128.

2. Before the oral argument, when I went over the exceptions which the defendants had filed on March 6, 1936, it seemed to me that perhaps the defendants' exceptions to the so-called conclusions of law might be sufficient. On further consideration, after the oral argument, however, and on comparison of those exceptions with the exceptions held insuffi-

cient in the above-cited authorities, I have come to the conclusion that all the defendants' exceptions, filed on March 6, 1936, are insufficient and cannot be considered.

Indeed, the defendants' attorneys seem to have recognized this fact by their attempt to file, after the period for filing exceptions had expired, amended exceptions which would conform to the equity practice prescribed and established by the above authorities.

■ 3. The defendants' amended exceptions, filed without leave on March 21, 1936, are, of course, entirely outside the record and cannot be considered in any way. They are juridically in the same position as if they never had been filed.

II. Turning to the merits, therefore, I have only to consider the exceptions taken by the plaintiff.

■ A. As to the exception regarding the finding that there was no liability on the part of the defendant Sol J. Freundlich, this was as error on the part of the special master because the interlocutory decree held the defendants jointly and severally liable for the infringement of the plaintiff's rights, enjoined all and each of them from continuing such infringement, and ordered a reference to a special master to find the damages and get an account of the profits.

Under the reference the special master has held that there were no profits shown and has assessed the damages under the "in lieu" provisions of section 25 of the Copyright Act, as amended, title 17 United States Code, § 25 (17 U.S.C.A. § 25), at the sum of $5,540.

As the interlocutory decree herein held Sol J. Freundlich as a joint infringer with Ralph A. Freundlich and the corporate defendant Ralph A. Freundlich, Inc., what Judge Lacombe said in Gross et al. v. Van Dyk Gravure Co. (C.C.A.2) 230 F. 412, at page 414, "As all united in infringing, all are responsible for the damages resulting from infringement," applies, and all recoveries of money under the final decree are granted against him individually as well as against the other defendants.

■ B. The other exceptions filed by the plaintiff are, in the last analysis, based on questions of the credibility of witnesses or the weight of their evidence. Inasmuch as the master saw all the witnesses and

has obviously carefully considered the evidence, his findings should not be disturbed.

Indeed I think that the master was quite correct in holding that there has not been satisfactory proof of the sale or possession of any dolls other than the 1,108 infringing dolls found by him.

The fact that it was not possible to find further infringing dolls was clearly due to the false account filed by the defendants and a large part of the time and expense involved in the reference was due to a justifiable endeavor on the part of the plaintiff's attorneys to challenge and break down this false account.

The result, unfortunately, is that owing to the false account filed by the defendants—to which I shall hereinafter refer again—the cause is left in such a situation that, as a civil matter, the plaintiff cannot make out a case for more than the 1,108 infringing dolls which the master has found to have been sold by or in the possession of the defendants. Thus civilly the cause stands at a dead end.

■ The special master's undoubted discretion in fixing the amount of recovery in lieu of damages within the limits of the categories mentioned in section 25 of the Copyright Act, as amended (17 U.S.C.A. § 25) does not extend to the number of infringing articles. That, if not admitted, must be proved.

The special master's report is, therefore, modified by holding that Sol J. Freundlich is jointly and severally liable with the corporate defendant Ralph A. Freundlich, Inc., and the individual defendant Ralph A. Freundlich for the sum of $5,540, statutory damages as found by the special master.

In all other respects the special master's report is confirmed, for, applying Equity Rule 61½ (28 U.S.C.A. following section 723), I am not "fully satisfied that error has been committed" by the special master in any respect excepted to by the plaintiff—save as to Sol J. Freundlich's liability—and, for the reasons above given, the defendants have not laid any procedural basis for challenging his report.

III. I now turn to the chancering of the attorneys' fee to which the plaintiff as the successful party herein is entitled under section 40 of the Copyright Act (17 U.S.C.A. § 40).

The main objective of a plaintiff in a cause of copyright is the injunctive relief which equity can give, for that preserves and protects his right. The profits or damages which may be recovered under an accounting is usually, as herein, merely incidental, and, therefore, the amount of those profits or damages does not herein —or generally—represent the stake of the litigation.

With the above comments, and the further observation that the time element involved has been measurably increased due to the filing of a false account by the defendants, I refer counsel to my decision in the case of In re Osofsky, 50 F.(2d) 925, 927, in which I enumerated the elements to be considered in determining an attorney's fee as given by the Honorable William G. Choate, formerly a judge of this court, and David B. Ogden, Esq., of the New York Bar. Based on the elements named by them and considering the comments I have made on this cause above, I think a reasonable attorney's fee to be allowed to the plaintiff herein as part of its costs under section 40 of the Copyright Act, title 17 United States Code, § 40 (17 U.S.C.A. § 40), is the sum of $15,000, at which sum the said fee is hereby fixed.

IV. There is a further and most serious aspect of this matter which must now have attention.

1. The special master found inter alia as facts:

"1. The assertion that the corporate defendant produced no more than the 676 infringing dolls accounted for in the Defendant's Account is in conflict with the weight of evidence and is untrue.

"2. If, as asserted by defendants, the Account covers and includes all infringing dolls produced by the corporate defendant, then the Account is inaccurate and incomplete in view of the evidence that a substantially greater number of such dolls were produced than are there accounted for and that a substantial number of such dolls, not included in the Account, were in defendants' possession after the last shipment date listed in the Account."

As a so-called conclusion of law, the special master found as follows:

"1. Having in mind the circumstances of the infringement referred to in the opinion of the court, the inaccuracy and incompleteness of the Account filed by the corporate defendant and confirmed by the defendant, Freundlich, and the difficulty of

establishing the extent of the infringement on the basis of the inadequate records produced by defendants, and there being no proof of actual profits and insufficient proof of actual damages, it appears to me just, and in accordance with the provisions of section 25 of the Copyright Act, as amended (17 U.S.C. § 25 [17 U.S.C.A. § 25]) that the defendants, Ralph A. Freundlich, Inc., and Ralph A. Freundlich, should pay to the copyright owner at the rate of five dollars ($5.00) for every infringing copy shown to have been sold by, or in the possession of said defendants, to wit, one thousand one hundred and eight (1108) infringing copies.

"2. I conclude from the evidence that the defendant Ralph Freundlich, being the instigator and principal actor, both in the deliberate infringement found by the Court and the attempt to minimize liability by failure to keep adequate records and the presentation of an inaccurate and incomplete Account is individually as well as jointly liable with the corporate defendant for the damages payable to the plaintiffs, as herein computed."

2. As I noted in my opinion after the trial, Ralph A. Freundlich, who thereat gave much testimony, did not make a very good impression on me. See Fleischer Studios, Inc., et al. v. Ralph A. Freundlich, Inc., et al. (D.C.) 5 F.Supp. 808, at page 809. He belonged quite evidently to the common type of commercial parasite who endeavors slyly to benefit from the work done and good will achieved by others and he did not testify as candidly as, in my opinion, he should have testified; but I did not attribute to him, then, the characteristics which he has, according to the special master's findings, shown on the reference.

3. On the reference as appears from the special master's findings just quoted, which are in my opinion wholly justified by the evidence, the corporate defendant, through its president and codefendant Ralph A. Freundlich, filed a false account of the sales of the infringing dolls. And, as I read the record of the evidence given on the reference, it also appeared to me that it was fairly inferable therefrom (a) that a number of the witnesses, now, or formerly, employees of the corporate defendant—perjured themselves by changing their stories or by pretending to have forgotten facts which they must have known, cf. United States v. McGovern

(D.C.) 1 F.Supp. 568, affirmed 60 F. (2d) 880 (C.C.A.2), and (b) that the defendant Ralph A. Freundlich had arranged for them to do so or at least that they had done so with his connivance.

4. Accountings are often ordered in equity causes, especially in those causes which involve infringement of copyrights, as herein, of patents and of trademarks, and sometimes also in causes of unfair competition.

It is obviously highly important that, in any causes wherein an accounting is ordered, the party ordered to account should file a true account. Not to do so surely is a clear case of the obstruction of justice, as is pointedly shown by the record before me.

5. Instance courts and their mandataries, such as special masters in equity, commissioners in admiralty, and referees in bankruptcy, are engaged in a search for the truth involved in any situation presented to them, and must not be thwarted in their quest therefor unless constitutional grounds can be properly invoked to stop them.

So soon as the special master reached the conclusion that Ralph A. Freundlich had caused a false account to be filed before him, he might, and, I think, he should, have so certified to the court, and have asked the court to have Ralph A. Freundlich cited for contempt on the ground that he was obstructing justice, or to have the question of instituting criminal proceedings against him considered.

But this was not done.

6. If I should not now challenge such an attitude as Ralph A. Freundlich has shown on the reference in this cause, I should, in my opinion, be making a confession of the futility of law enforcement and be permitting the authority of the court to be flouted.

I am, therefore, now calling the attention of the United States Attorney for this District to the record herein before the special master, and to his report embodying the findings above quoted, in order that, in appropriate proceedings, there may be an investigation to determine whether there are circumstances involved herein on which to base (a) a citation in contempt against Ralph A. Freundlich on the ground that he obstructed justice by filing a false account in this cause, (b) an indictment for perjury against Ralph A. Freundlich or

any other witnesses who testified on the reference, or (c) an indictment for subornation of perjury against Ralph A. Freundlich or any other persons concerned therein.

V. Settle the final decree, in accordance with this opinion, on two days' notice, after the special master has been paid in full as above prescribed, and after the taxation of all costs, including the fees allowed to the plaintiff's attorneys, and all taxable disbursements herein.